IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| W.C., | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : 1 : 21-CV-32 (TQL) |
| | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

# ORDER

Plaintiff filed this Social Security appeal on February 17, 2021, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Legal standards*

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff filed an application for Supplemental Security Income benefits on February 15, 2019, alleging disability since January 15, 2019. (T-176-183, 197). His claim was denied initially and upon reconsideration. (T-115-119, 123-126). A hearing was held before an ALJ in July 2020. (T-66-89). In a hearing decision dated September 30, 2020, the ALJ determined that Plaintiff was not disabled. (T-12-30). The Appeals Council denied Plaintiff's request for review. (T-1-6).

*Statement of Facts and Evidence*

Plaintiff, born on November 8, 1973, was 46 years of age at the time of the ALJ's decision. (T-197). Plaintiff alleges disability since January 15, 2019, due to right shoulder clavical bone separation. (T-197, 201). Plaintiff completed the ninth grade, and has past relevant work experience as a self-employed carpenter and construction worker. (T-202). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of right shoulder AC joint separation status post surgical repair, degenerative disc disease of the cervical spine with radiculopathy, and osteoarthritis.

(T-17). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing work activity at the light exertional level with certain limitations. (T-19-20). The ALJ determined that Plaintiff could not return to his past relevant work. (T-24). After consideration of the Medical-Vocational Guidelines and the testimony of a Vocational Expert, the ALJ found that the Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy and thus was not disabled. (T-26).

## DISCUSSION

Plaintiff contends that the ALJ's reasons for finding consultative examiner Dr. Stanford Williamson's opinions less than fully persuasive are not supported by substantial evidence. In addressing Dr. Williamson's opinion, the ALJ found that

> [f]ollowing the physical consultative examination, the examiner opined that there would be limitations including reaching, pushing, pulling, lifting, carrying, and handling at the right upper limb. The undersigned finds the opinions somewhat persuasive as the limitations are supported by the preceding examination findings including tenderness and poor range of motion of the right shoulder. The limitations are also consistent with the claimant's history of right AC joint separation. However, greater persuasiveness could not be accorded to the opinion, as the assigned limitations were too vague, where the extent of each limitation was undefined.

(T-23).

Following a July 2019 examination of Plaintiff, Dr. Williamson concluded that

> [t]he impairments are reasonably consistent with the subjective and objective information above. There will be limitations including reaching, pushing, pulling, lifting, carrying, handling at the right upper limb.

(T-406).

3

In describing the fine and gross coordination of the affected upper extremity, Dr. Williamson again stated that "[t]here are deficits at right upper limb which will adversely affect the claimant's ability to perform activities involving reaching, pushing, pulling, grasping and fingering", without further explanation. (T-410).

The objective medical record shows that Plaintiff suffered a right shoulder injury in 2014 and reinjured the right shoulder falling from a ladder in 2019. (T-318, 320, 366). Initially treated with a sling and medication, Plaintiff ultimately underwent surgery to repair the shoulder. (T-316). Plaintiff reinjured the shoulder in a fall again in March 2019, but he thereafter indicated in May 2019 that his pain was a 2 out of 10 and that he "wants nothing done. He wants to go out and start working again and ride his four wheeler again." (T-338, 399-400). Plaintiff's treatment included pain management and his treatment records show some decreased range of motion, neurovascularly intact upper extremities, and normal grip strength. (T-421, 434, 461, 464).

As Plaintiff's claim for benefits was filed after March 27, 2017, new regulations apply to the consideration of medical opinions pertaining to his claim. *See* 20 C.F.R. § 416.920c.

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors.

*Matos v. Commissioner of Social Security*, 2022 WL 97144, *4 (11th Cir. 2022).

The ALJ properly found that Dr. Williamson had failed to provide any detail as to the extent of

any limitations as to Plaintiff's right arm motion, and assigned only partial persuasiveness to Dr. Williamson's conclusions. Contrary to Plaintiff's assertions, the ALJ explained that portions of the opinion were too vague because "the extent of each limitation was undefined". (T-23). Unlike the ALJ's findings in *Works v. Saul,* 2021 WL 690126 (M.D.Ala. 2021), a case cited by Plaintiff, the ALJ herein provided a detailed discussion of Dr. Williamson's findings and provided reasons for not finding these opinions fully persuasive. The ALJ in *Works* had stated that a medical opinion was "somewhat consistent with the entire medical record", without more. *Id.* at *15. The Court finds that the ALJ herein, in contrast, adequately explained his reasons for finding Dr. Williamson's opinions less than fully persuasive. *See Jones v. Social Security Administration, Commissioner,* 857 F. A'ppx 587, 591 (11th Cir. 2021) (ALJ did not err in assessing physician's opinion as to its persuasiveness, as ALJ explicitly noted that physician's opinion was in tension with findings of consulting physician, and plaintiff did not explain how ALJ's assessment lacked clarity).

Plaintiff also asserts that the ALJ's reasons for finding non-examining physicians' opinions persuasive were not supported by substantial evidence, as these physicians' opinions were inconsistent with their records, and were lacking in specific limitations. However, the opinions issued by non-examining physicians contained specific limitations on Plaintiff's abilities with defined frequencies, specifically as to his right arm, and the ALJ properly found them to be persuasive based on their consistency with the objective medical record. (T-95-96, 107-108). "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

To the extent that Plaintiff asserts that the non-examining physicians' opinions were

5

contradictory with each other, this assertion is without merit. The non-examining physicians do not set out the same level of limitations for Plaintiff, but they agreed Plaintiff could perform a certain minimal level of work. Each of these physicians opined that Plaintiff could perform occasional pushing and pulling with the right arm, and that Plaintiff would have limited reaching with the right arm. (T-95, 108-109).

Finally, Plaintiff asserts that the ALJ erred in finding Plaintiff's subjective statements to be inconsistent.  The ALJ set out and followed the appropriate standard for evaluating Plaintiff's subjective accounts of pain, finding that Plaintiff suffered from medically determinable impairments that could reasonably be expected to cause the alleged symptoms. (T-20-21). The ALJ then determined that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not consistent with the medical evidence and other evidence of record. *Id.*

The ALJ complied with the requirements of the regulations and Social Security Rulings regarding assessment of Plaintiff's subjective complaints. The ALJ clearly applied the pain standard to evaluate Plaintiff's complaints, and properly considered all of Plaintiff's symptoms and the extent to which said symptoms were consistent with the evidence, as required by 20 C.F.R. 404.1529. The ALJ did not reject Plaintiff's statements regarding pain and limitation solely based on the objective medical evidence, but included consideration of Plaintiff's daily activities, consideration of the frequency and intensity of the pain, medication taken, and other measures take to alleviate the symptoms. (T- 18-24).

Although Plaintiff points to evidence that could support his subjective accounts of pain, "the question is not whether evidence could have supported a decision to credit [Plaintiff's] testimony, but rather whether substantial evidence supports the ALJ's decision to partially discount [the]

testimony. . . [T]he Court cannot reweigh the evidence or substitute its judgment for the ALJ's judgment." *Yagle v. Commissioner of Social Security,* 2020 WL 1329989, *4 (M.D.Fla. 2020), *citing Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990); *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005).

Additionally, the Court finds that the reasons provided by the ALJ for discrediting Plaintiff's subjective accounts of limitation are supported by substantial evidence. The objective medical record shows that Plaintiff was treated conservatively following his second fall post-AC joint repair, and that his pain was minimal and his range of motion in the affected shoulder was at times decreased. The ALJ properly relied on the entire record to conclude that although Plaintiff might experience pain and limitation, he did so only to the extent set out in the residual functional capacity as determined by the ALJ. (T-24). The Court notes that the ALJ did limit Plaintiff to light work with certain restrictions, based on the record and Plaintiff's testimony. (T-20). Substantial evidence supports the ALJ's findings that Plaintiff's subjective complaints were not fully credible.

***Conclusion***

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 7th day of September, 2022.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**